FILED IN OPEN COURT
ON 6-4-19 BRU
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:18-CR-302-D-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **CONSENT** |
| | ) | **MEMORANDUM AND** |
| SARAH EMILIA SILVERIO-POLANCO, | ) | **RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

This case came before the court today for approval of the Agreement for Pretrial Diversion ("Agreement") into which the parties have entered. Defendant is charged in a two-count indictment (D.E. 7), filed on 1 August 2018, with: (1) on or about 27 October 2016, making a false statement and claim that she was a United States citizen, in violation of 18 U.S.C. § 1015(f), a felony; and (2) on or about 8 November 2016, voting in an election for President, Vice President, and a member of the House of Representatives knowing that she was an alien, in violation of 18 U.S.C. § 611(a), a misdemeanor. In general terms, the Agreement provides that prosecution of defendant in this district on the offenses charged against her will be deferred for 12 months; during this 12-month period, she will be on release subject to terms and conditions set out in the Agreement, including supervision by the United States Probation Office; and if she fulfills all the terms and conditions of the Agreement, the charges against her will be dismissed. The Agreement states that it is in the interest of the government, the interest of defendant, and the interest of justice. based upon, among other considerations, defendant's acceptance of responsibility for her behavior, the government's investigation of the offenses charged, and defendant's background, including "the fact that pursuant to the Child Citizenship Act of 2000, [defendant] would have qualified for

United States citizenship but for being over the age of 18 by about 24 hours after the deadline." Agmnt. 1.

At the hearing, after placing defendant under oath, the court confirmed her consent to proceed before a magistrate judge and her competency. It then advised her of her right to a trial and the rights pertinent thereto, the charges against her and the maximum penalties therefor, her right to a speedy trial under the Sixth Amendment, the provision under Fed. R. Crim. P. 48(b) for dismissal of charges for unnecessary delay in bringing a defendant to trial, and the terms of the Agreement, including the Acknowledgement and Acceptance of Terms therein. The court confirmed defendant's understanding of these matters as well as her and the government's entry into the Agreement. The court heard from counsel for both the government and defendant on why the Agreement is in the interest of justice, including the considerations previously noted.

The court found on the record that defendant knowingly and voluntarily entered into the Agreement and that the Agreement serves the interest of justice. The undersigned magistrate judge therefore RECOMMENDED that the Agreement and defendant's participation in the Pretrial Diversion Program be APPROVED.

The court advised the parties that they had 14 days in which to file objections to this Memorandum and Recommendation. The parties stated that they waive any objections to this Memorandum and Recommendation and consent to entry of an order adopting the recommendation herein, namely, that the Agreement and defendant's participation in the Pretrial Diversion Program should be approved. The parties confirm such waiver and consent by their signatures below.

This \_4\_ day of June 2019.

_____
James E. Gates
United States Magistrate Judge

WE WAIVE ANY OBJECTIONS TO THIS MEMORANDUM AND RECOMMENDATION AND CONSENT TO ENTRY OF AN ORDER ADOPTING THE RECOMMENDATION THEREIN:

_____
Sebastian Kielmanovich
Assistant United States Attorney

_____
Sarah Emilia Silverio-Polanco
Defendant

_____
Jim Melo
Attorney for Defendant

3

Case 5:18-cr-00302-D   Document 39   Filed 06/04/19   Page 3 of 3